J-S35041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                      :          PENNSYLVANIA
                                        :
               v.                              :
                                        :
DANIEL ZOOK                              :
                                        :
            Appellant               :     No. 1354 MDA 2017

Appeal from the Judgment of Sentence July 18, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004634-2016

BEFORE: BENDER, P.J.E., PANELLA, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JULY 06, 2018**

Daniel Zook (Appellant) appeals from the judgment of sentence imposed following his guilty plea to indecent assault and unlawful contact with a minor.[1] For the reasons that follow, we vacate Appellant's judgment of sentence as it pertains to his registration under SORNA.

On July 20, 2016, Appellant was charged with one count of indecent assault of a person less than 13 years of age and one count of unlawful contact with a minor. These charges stem from a series of sexual assaults that occurred in 2005. At the time offenses, Appellant was 17 years old and the victim was 11 years old. The victim did not disclose the criminal conduct until 2016, at which time Appellant was 28 years old.

---

[1] 18 Pa.C.S.A. §§ 3126(a)(7), 6318(a)(1).

On March 23, 2017, Appellant entered a negotiated guilty plea on all charges. On July 18, 2017, pursuant to the terms of the negotiated plea agreement, the trial court sentenced Appellant to five years of probation. The trial court classified Appellant as a Tier III sexual offender pursuant to Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.42, which required Appellant to register as a sexual offender for the remainder of his life.

On July 27, 2017, Appellant filed a post-sentence motion in which he sought exclusion from SORNA's lifetime registration and reporting requirements. On August 8, 2017, the trial court denied Appellant's motion. On August 29, 2017, Appellant filed a timely notice of appeal to this Court. The same day, the trial court ordered Appellant to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On September 19, 2017, Appellant timely filed his Rule 1925(b) statement.

On appeal, Appellant presents the following issue for review:

> WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST SENTENCE MOTION TO STRIKE THE IMPOSITION OF THE REGISTRATION AND VERIFICATION REQUIREMENTS UNDER 42 PA.C.S.A. 9979.10, ET SEQ.

Appellant's Brief at 6.

Appellant argues that he should not be subject to SORNA's registration requirements, which became effective in December 2012 and were not in effect at the time he committed his crimes in 2005. Although Appellant

acknowledges that SORNA was in effect when he pled guilty to those crimes, he asserts that application of SORNA to his case violates the *ex post facto* clause of the Pennsylvania Constitution under **Commonwealth v. Muniz**, 164 A.2d 1189 (Pa. 2017). Appellant further asserts that SORNA is inapplicable to him because he was a minor at the time he committed his offenses. Because this issue presents a question of law, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Lee**, 935 A.2d 865, 876 (Pa. 2007).

Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.42, establishes a statewide registry of sexual offenders. 42 Pa.C.S.A. § 9799.16(a). On December 20, 2012, SORNA replaced the then-existing sexual offender registration statutory provisions, commonly known as Megan's Law III, 42 Pa.C.S.A. §§ 9791-9799.9 (expired). The General Assembly implemented SORNA to bring Pennsylvania's sexual offender reporting system in line with the federal mandates of the federal Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248, 42 U.S.C. §§ 16901–16991, which requires a tier-based registration and notification scheme. **Muniz**, 164 A.3d at 1203-04.

For purposes of registration, SORNA classifies sexual offenders into the following three tiers:

> Those convicted of Tier I offenses are subject to registration for a period of fifteen years and are required to verify their registration information and be photographed, in person at an approved registration site, annually. 42 Pa.C.S.[A.] § 9799.15(a)(1),

(e)(1). Those convicted of Tier II offenses are subject to registration for a period of twenty-five years and are required to verify their registration information and be photographed, in person at an approved registration site, semi-annually. 42 Pa.C.S.[A.] § 9799.15(a)(2), (e)(2).

Those convicted of Tier III offenses are subject to lifetime registration and are required to verify their registration information and be photographed, in person at an approved registration site, quarterly. 42 Pa.C.S.[A.] § 9799.15(a)(3), (e)(3).

*Id.* at 1206-1207 (footnotes omitted).

The offenses that constitute Tier I, II, and III offenses are set forth in 42 Pa.C.S.A. § 9799.14(b)-(d). Here, there is no dispute that Appellant is a Tier III sexual offender due to his conviction of indecent assault of a person less than 13 years of age. *See* 42 Pa.C.S.A. § 9799.14(d)(8). As a Tier III offender under SORNA, Appellant is subject to lifetime registration and quarterly reporting requirements. *See* 42 Pa.C.S.A. § 9799.15(a)(3), (e)(3). Because he committed these offenses prior to when SORNA became effective, Appellant argues that under *Muniz*, the application of SORNA to his sentence violates the *ex post facto* clause of the Pennsylvania Constitution.

In *Muniz*, the defendant was convicted in February 2007 of two counts of indecent assault of a person less than 13 years of age, with sentencing scheduled for May 2007. *Id.* at 1193. At the time of his conviction, Muniz "would have been ordered to register as a sex offender with the Pennsylvania State Police for a period of ten years pursuant to then-effective Megan's Law III." *Id.* at 1192 (citing 42 Pa.C.S.A. § 9795.1 (expired)). Muniz, however,

never appeared for sentencing and absconded until he was later apprehended in September 2014. *Id.* When Muniz was finally sentenced in 2014, the trial court ordered him to comply with the lifetime registration provisions under the then-effective SORNA, pursuant to which he was a Tier III sexual offender. *Id.* Muniz appealed.

On appeal to our Supreme Court, five of the six participating justices held that even though the General Assembly identified SORNA's enhanced registration provisions as non-punitive, they nonetheless constituted punishment. *Id.* at 1218. The Supreme Court further determined that the retroactive application of SORNA's registration requirements to Muniz violated the *ex post facto* clause of the Pennsylvania Constitution. *Id.* at 1218-19. Our Supreme Court explained:

> Critical to relief under the *ex post facto* clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated. Based on these concerns, [in ***Calder v. Bull***, 3 U.S. 386 (1798),] Chief Justice Chase set out four categories of laws that violate such prohibitions:
>
>> 1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2nd. Every law that aggravates a crime, or makes it greater than it was, when committed. 3rd. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender.

Furthermore, two critical elements must be met for a criminal or penal law to be deemed *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. As such, [o]nly those laws which disadvantage a defendant and fall within a **Calder** category are *ex post facto* laws and constitutionally infirm. The *ex post facto* clauses of the United States and Pennsylvania Constitutions are implicated here because a holding rendering the effects of SORNA's registration requirements punitive would place the statute into the third **Calder** category: application of the statute would inflict greater punishment on appellant than the law in effect at the time he committed his crimes.

*Id.* at 1195-1196 (quotation marks omitted, some citations omitted or modified).

Because Muniz committed his crimes prior to the existence of SORNA, the Supreme Court determined that application of that statute would inflict greater punishment than the law (Megan's Law III) in effect at the time he committed his crimes. Consequently, our Supreme Court concluded that the retroactive application of SORNA's registration and reporting requirements to Muniz violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions. *Id.* at 1223.

Like **Muniz**, this case implicates the *ex post facto* clause of the Pennsylvania Constitution because application of SORNA's registration requirements would impose greater punishment on Appellant than the law in effect at the time he committed his crimes. *See id.* at 1195-1196. Appellant committed the crimes of indecent assault of a person less than 13 years of age and unlawful contact with a minor in 2005. At that time, Megan's Law III

was in effect. On December 20, 2011, the General Assembly enacted SORNA, which became effective on December 20, 2012, prior to Appellant's guilty plea and sentencing, but well after he committed the offenses. Although SORNA increased the registration period for some crimes, Appellant, based on his convictions of indecent assault of a person less than 13 years of age and unlawful contact with a minor, would be subject to lifetime registration under either SORNA or Megan's Law III. *See* 42 Pa.C.S.A §§ 9795.1(a)(1) and (b)(1) (expired), 9799.14(d)(8), 9799.15(a)(3). While application of SORNA would not alter Appellant's registration period, it would add quarterly in-person reporting requirements and the posting of his personal information on the Pennsylvania State Police website. *See Muniz*, 164 A.3d at 1210-11. As our Supreme Court recognized in *Muniz*, the increased registration period and additional reporting requirements constitute a greater punishment than what Megan's Law would have imposed and consequently, their retroactive application violates the *ex post facto* clause of the Pennsylvania Constitution. *Id.* at 1193-1196, 1216.

The Commonwealth contends that *Muniz* is inapplicable to this case because the defendant in *Muniz* was convicted prior to when SORNA became effective, and sentenced after, whereas Appellant was not convicted of his crimes until after SORNA became effective. We reject this argument. While the Commonwealth is correct that the defendant in *Muniz* was convicted prior to when SORNA became effective, its argument disregards our Supreme

Court's analysis of the constitutional *ex post facto* prohibitions. The Supreme Court made clear that "the *ex post facto* clauses of the United States and Pennsylvania Constitutions are implicated" by SORNA where "application of the statute would inflict greater punishment on appellant than the law in effect at the time he committed his crimes." **Id.** at 1196. This is what happened in Appellant's case.

Appellant pled guilty after SORNA became effective, and the trial court retroactively imposed the new registration requirements and other provisions of SORNA for crimes he committed when Megan's Law III was in effect. Because Appellant committed his crimes at a time when registration and reporting requirements were less burdensome and stringent, we conclude that the retroactive application of SORNA to Appellant violated the *ex post facto* clause of the Pennsylvania constitution. **See Muniz**, 164 A.3d at 1192-1196, 1223. Accordingly, we vacate Appellant's judgment of sentence to the extent it requires Appellant to register as a sexual offender pursuant to SORNA.[2] Because we have determined that application of SORNA to Appellant's case is unconstitutional under the Pennsylvania *ex post facto* clause, we need not address his argument regarding whether SORNA is applicable to him as a juvenile offender.

---

[2] We note that this does not preclude Appellant from having to register as a sexual offender under Megan's Law III.

Judgment of sentence vacated in part.  Case remanded.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/06/2018